# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PROFESSIONAL SERVICE GROUP, LLC,<br><br>    Defendant. | Case No. CIV-17-863-D |

## ORDER

This matter comes before the Court on Plaintiff Liberty Mutual Fire Insurance Company's Motion for Entry of Default Judgment [Doc. No. 14], pursuant to FED. R. CIV. P. 55 and LCvR 55.1. Upon consideration of the Motion and the case record, the Court finds as follows:

1. Plaintiff is a stock insurance company and, pursuant to 28 U.S.C. § 1332(c), is a citizen of Wisconsin and Massachusetts.

2. Defendant is a limited liability company listed as "inactive" by the Oklahoma Secretary of State. Defendant is believed to have one member, Lucretia Parkey, who is an individual citizen of Oklahoma. Thus, Defendant is deemed to be a citizen of Oklahoma.

3. Jurisdiction exists under 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees, interest, and costs.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims have occurred and are occurring in this district.

5. Plaintiff filed its Amended Complaint on August 30, 2017. Defendant was timely served with process, but has failed to answer or otherwise respond.

6. The Clerk entered Defendant's default on December 27, 2017. Plaintiff has filed a declaration pursuant to Servicemembers Civil Relief Act, 50 App. U.S.C. § 521. The Court finds that the Act does not apply and a default judgment may be entered.

7. Based on the facts shown by the Amended Complaint, Plaintiff issued a worker's compensation and employer's liability insurance policy ("Policy") to Defendant for the period of September 29, 2014, to December 1, 2015. The Policy required payment of a final premium, consisting of any amount in excess of an initial estimated premium previously paid, that would be determined at the end of the policy period. The Policy required Defendant to keep records necessary to compute the final premium, to provide those records to Plaintiff upon request, and to allow Plaintiff to examine and audit all such records. To date, Defendant has failed to furnish all necessary records requested by Plaintiff and required by the Policy, and Plaintiff has been unable to complete the audit as provided by the Policy. Defendant has conducted an estimated audit and calculated an outstanding premium balance of $160,758.00.

8. Defendant has breached its insurance contract with Plaintiff by failing to provide Plaintiff with records needed to compute Defendant's final premium; by failing to allow Plaintiff to audit all its records related to the subject insurance policy, including but not limited to Defendant's payroll records; and by failing to pay the final outstanding

premium balance. As a direct result of Defendant's breaches, Plaintiff has suffered damages to be determined upon further application and proof thereof.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default Judgment [Doc. No. 14] is GRANTED, as set forth herein.

IT IS ORDERED that Defendant shall produce to Plaintiff within 30 days from the date of this Order, all payroll records for the policy period of September 29, 2014, through November 30, 2015, to include the following information for all persons employed by Defendant during that period: (1) Name; (2) Job title(s); and (3) All pay types that made up gross wages, including but not limited to regular, overtime, and vacation pay.

IT IS FURTHER ORDERED that Defendant shall allow Plaintiff to conduct a physical audit of Defendant's records within 60 days from the date of this Order, and upon completion of the audit, Plaintiff shall inform Defendant of the amount of any outstanding premium balance that is owed. Upon Defendant's failure to pay as provided by the Policy any final premium determined to be due, Plaintiff shall move for entry of a judgment for a sum certain in damages.

IT IS SO ORDERED this 29th day of December, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE