IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Plaintiff,

v.

PROFESSIONAL SERVICE GROUP,
LLC,

    Defendant.

Case No. CIV-17-863-D

# ORDER

This matter comes before the Court on Plaintiff Liberty Mutual Fire Insurance Company's Motion for Entry of Judgment [Doc. No. 24], pursuant to Fed. R. Civ. P. 55, LCvR55.1, and Fed. R. Civ. P. 70. The Motion is unopposed within the time set by LCvR7.1(g). In the exercise of discretion, the Court deems the Motion confessed and finds that it should be GRANTED.

Upon consideration of the Motion and the case record, the Court finds as follows:

1. On December 29, 2017, the Court granted Plaintiff's Motion for Entry of Default Judgment and, to obtain a determination of damages under the parties' contract, ordered Defendant to produce within 30 days all payroll records for the policy period of September 29, 2014, through November 30, 2015, to include certain information. *See* 12/29/17 Order [Doc. No. 16] at 3 (hereafter, the "Order").

2. The Court further ordered Defendant to allow Plaintiff to conduct a physical audit of Defendant's records within 60 days. Upon completion of the audit, Plaintiff was

to inform Defendant of the amount of any outstanding premium balance that was owed, and upon Defendant's failure to pay as provided by the policy, Plaintiff was to move for entry of a judgment for a sum certain in damages. *Id.*

3. Defendant received actual notice of the Order. Despite repeated requests and efforts by Plaintiff's counsel to obtain compliance, Defendant has failed to produce any documents and failed to permit an audit to take place.

4. Specifically, Defendant was personally served through its member and officer, Lucretia Parkey ("Parkey"), with notice of a physical audit of Defendant's records scheduled to occur on May 29, 2018, at 9:00 a.m. at Willow Park Health Care Center, 7019 NW Cache Road, Lawton, Oklahoma, 73505.

5. On May 29, 2018, counsel for Plaintiff and a representative of Plaintiff appeared at Willow Park Health Care Center in Lawton, Oklahoma, to conduct the audit. Counsel for Plaintiff traveled from Tulsa, Oklahoma, and Plaintiff's representative traveled from the Plano, Texas. Neither Parkey nor any representative of Defendant appeared.

6. While at Willow Park Health Care Center, counsel for Plaintiff spoke with Parkey by telephone. Parkey admitted (i) she was the member of Defendant; (ii) she had been personally served with notice of the Order of December 29, 2017; (iii) she had been personally served with notice of the May 29, 2018 audit and knew that it was to occur; and (iv) she had made no effort to produce documents or permit the ordered audit to occur.

7. Defendant has prevented Plaintiff from completing its audit and has not disputed the calculated outstanding premium balance of $160,758.00. *See* Order at 2. To date, Defendant has failed to pay the amount owed under the insurance contract.

8. The Court finds that a Default Judgment should be entered in favor of Plaintiff and against Defendant in the amount of $160,758.00.

9. The Court further finds that Plaintiff is entitled to recover pre-judgment interest at the rate allowed by Oklahoma law from the date of April 29, 2016, to the date of entry of the Default Judgment.[1]

10. Plaintiff has shown by clear and convincing evidence that Defendant violated the Order. Defendant received adequate notice and an opportunity to be heard in opposition to the Motion seeking civil contempt. *See F.T.C. v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004).

11. The Court therefore finds Defendant in contempt for failure to comply with the Order of December 29, 2017. The Court further finds that an appropriate penalty is an order for Plaintiff to recover an amount equal to its actual losses, including attorney fees and costs, incurred as a result of Defendant's failure to appear for the physical audit on May 29, 2018. Plaintiff shall submit an application itemizing its actual losses within 14 days from the date of this Order.

12. Plaintiff shall promptly serve a copy of this Order and the Default Judgment on Defendant.

IT IS SO ORDERED this 25th day of September, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Post-judgment interest accrues automatically as a matter of federal law. *See* 28 U.S.C. § 1961.