# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PROFESSIONAL SERVICE GROUP, LLC,<br><br>    Defendant. | Case No. CIV-17-863-D |

## ORDER

Before the Court is Plaintiff Liberty Mutual Fire Insurance Company's Application for Actual Losses in Accordance with the Court's Order of September 25, 2018 [Doc. No. 27]. Plaintiff seeks a determination of the monetary penalty to be assessed against Defendant Professional Service Group, LLC for contempt. The Court previously found that Plaintiff should "recover an amount equal to its actual losses, including attorney fees and costs, incurred as a result of Defendant's failure to appear for the physical audit on May 29, 2018." *See* 9/25/18 Order [Doc. No. 25], ¶ 11. Defendant has made no response to the Application within the time required by LCvR7.1(g), and the Court deems it confessed.

Upon consideration of the Application, supporting documents, and the case record, the Court finds that a reasonable amount of attorney fees and costs to be awarded is $7,756.65. In making this finding, the Court has considered the Declaration of Jerrick Irby [Doc. No. 27-1] and the attached time records. Plaintiff requests an award in the amount

of $9,018.43, which represents attorney fees of $8,222.50 and costs of $795.93. The fee request is based on a lodestar calculation of hourly rates of attorneys and a paralegal who worked on the case, multiplied by the time spent on various tasks described in the law firm's billing records. Although the hourly rates are reasonable and appropriate in this community, the Court finds that not all activities included in the billing records were due to Defendant's failure to appear for the May 29 audit.

The time records submitted in support of the Application include legal activities beginning January 3, 2018, within a week after the Court first granted Plaintiff's Motion for Entry of Default Judgment and ordered Defendant to produce payroll records within 30 days and allow an audit within 60 days. *See* 12/29/17 Order [Doc. No. 16] at 3.[1] The next activities occurred in March and April, and related to planning how to proceed without the payroll records (which Defendant had failed to produce). It was not until April 26, 2018, that counsel began activities to schedule and prepare for the physical audit to occur May 29, 2018. After that point, however, the Court finds that all activities and expenses shown by the billing records for May and June relate to the attempted audit and Defendant's failure to appear.[2]

Counsel engaged in activities in August to prepare Plaintiff's Motion for Entry of Judgment filed August 31, 2018, which included its request for a contempt citation. But

---

[1] These activities are shown in a bill dated March 21, 2018.

[2] In light of this finding, the amounts stated in a bill dated June 15, 2018, are reduced to include only fees of $4,584.50 and expenses of $385.00; amounts attributable to redacted entries cannot be evaluated and are excluded. The amounts stated in the August 13, 2018 bill are included in full (except for redacted entries), resulting in recoverable fees of $1,705.00 and expenses of $219.65.

2

not all of those activities were a result of Defendant's failure to appear for the audit.  For example, Plaintiff's counsel conducted legal research regarding the recovery of "pre- and post-judgment interest on its state-law claims" (Irby Decl. [Doc. No. 27-1] at 19 (ECF page numbering)), and prepared a judgment based on Defendant's original unpaid debt.  *See* Pl.'s Mot. Entry J., Ex. 6 [Doc. No. 24-6].  The Court therefore finds that only a portion of these legal activities were a result of Defendant's conduct constituting contempt, and reduces the amount claimed for August 2018.[3]

As a result of these findings, the Court finds that Plaintiff incurred legal fees of $7,152.00 as a result of Defendant's failure to appear for the May 29, 2018 audit, calculated as follows:  June bill, $4,584.50; August bill, $1,705.00; and October bill, $862.50.  The Court finds that Plaintiff incurred expenses of $604.65, consisting of $385.00 from the June bill and $219.65 from the August bill.  This generates a total amount to be awarded to Plaintiff for Defendant's contempt of $7,756.65.

IT IS THEREFORE ORDERED that Plaintiff Liberty Mutual Fire Insurance Company's Application for Actual Losses in Accordance with the Court's Order of September 25, 2018 [Doc. No. 27] is GRANTED, as set forth herein.

IT IS FURTHER ORDERED that Defendant Professional Service Group, LLC shall pay $7,756.65 to Plaintiff Liberty Mutual Fire Insurance Company, in care of its attorneys, within 30 days from the date of this Order.

---

[3]  All activities of Jerrick Irby and a paralegal shown by the bill dated October 9, 2018 (and not redacted) should be included, resulting in fees of $862.50.

**IT IS SO ORDERED** this 1st day of November. 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE